*E-Filed 3/21/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KENNETH JACKSON,

        Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

_____/

No. C 09-5994 RS

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

# I. INTRODUCTION

Pro se plaintiff Kenneth Jackson seeks judicial review of defendant's final decision denying his request for retroactive disability benefits. Defendant Michael Astrue, the Commissioner of Social Security, filed a motion for summary judgment asserting denial was proper because plaintiff did not timely file his request and was ineligible due to his concurrent incarceration. Jackson failed to oppose this motion with either a response or a cross-motion for summary judgment. Having considered the submitted briefs and administrative record, defendant's motion for summary judgment is granted.

# II. FACTUAL BACKGROUND

In 1981, the Social Security Administration approved plaintiff's application for supplemental security income benefits based on disability. In 1990, it also granted plaintiff's request for disability insurance benefits based on a finding of mental retardation. The Administration stopped providing these benefits in July 1993. Jackson was subsequently incarcerated on felony charges from January 1995 to March 2003. In 2002, before his release, he applied for prospective disability insurance benefits, contending that because his disability commenced in February 1995, he was entitled to payments for the previous seven years.

Following his prison term, the Administration denied plaintiff's request for prospective benefits. It did, however, determine plaintiff was disabled based on his deafness and was, therefore, entitled to receive benefits beginning in April 2003, a month after he was released from prison. Plaintiff requested a hearing to contest these decisions. On November 4, 2008, Jackson appeared with a representative before an Administrative Law Judge ("ALJ") to determine whether he was entitled to retroactive disability insurance benefits from February 28, 1995. After the hearing, the ALJ held Jackson could not receive benefits for the period he was in prison. The Appeals Council subsequently denied plaintiff's request for review and the ALJ's decision became final. Jackson now challenges the ALJ decision pursuant to 42 U.S.C. § 405(g).

### III.  LEGAL STANDARD

A court has jurisdiction to review a final decision of the Commissioner of Social Security and to enter judgment affirming, modifying, or reversing such decision with or without remanding the cause for a rehearing. *See* 42 U.S.C. § 405(g). The Commissioner's decision will not be disturbed if it is supported by substantial evidence in the record and the proper legal standards were followed. *Bayliss v. Barhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence requires more than a mere scintilla, but less than a preponderance of evidence. *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990).

No. C
Order

To determine whether substantial evidence supports the Commissioner's decision, this Court reviews the administrative record as a whole, considering adverse as well as supporting evidence. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1992). Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)).

## IV. DISCUSSION

In order to qualify for social security benefits, an applicant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Once an applicant establishes the existence of such a disability, he or she is entitled to receive benefits for no more than one year prior to the date of application, with a five month waiting period. 20 C.F.R. § 404.315. It follows that, this waiting period cannot begin any earlier than the seventeenth month prior to the month the applicant submits his request, regardless of how long the applicant has actually been disabled. *Id.* Furthermore, an applicant is ineligible to receive benefits for any month in which he or she is confined in a penal institution for a felony conviction. *See* 20 C.F.R. § 404.468(a).

Here, Jackson applied for benefits in 2002 and began receiving them in April 2003. He contends he is entitled to retroactive benefits beginning in February 1995, when his disability began. He is incorrect. As the ALJ accurately noted, taking into account the relevant regulatory waiting period based off his 2002 application date, Jackson could only request retroactive benefits beginning in December 2001. *Id.* Importantly, he was not eligible to receive benefits at this time because he was incarcerated. He was, therefore, only entitled to benefits after his release from prison in March 2003. *See* 20 C.F.R. § 404.468(a). The Commissioner's decision to withhold Jackson's benefits until one month after his release was thus proper and must be upheld.

## V. CONCLUSION

No. C
ORDER

3

Having found the ALJ's decision is supported by substantial evidence and that the proper legal standards were applied, the Commissioner's motion for summary judgment is granted.

IT IS SO ORDERED.

Dated: 3/21/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

No. C
ORDER

4